ALEXANDER B. CVITAN (SBN 81746),
MARSHA M. HAMASAKI (SBN 102720), and
PETER A. HUTCHINSON (SBN 225399), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-Mails: alc@rac-law.com; marshah@rac-law.com; peterh@rac-law.com

Attorneys for Plaintiff

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ✓
JS-2/JS-3 ____
Scan Only ____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ELLS TECH UNDERGROUND INC., a California corporation; ERIK SCOTT WILLIAMS, an individual; LISA NICOLE GRAHAM-WILLIAMS, an individual also known as LISA WILLIAMS and LISA NICOLE WILLIAMS; SURETY COMPANY OF THE PACIFIC, a California corporation,<br><br>Defendants. | CASE NUMBER:<br>CV 08-6117 RGK (AJWx)<br><br>[~~SECOND PROPOSED~~]<br>JUDGMENT |

Plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company ("PLAINTIFF"), is the administrator of, agent for collection for, fiduciary to, and brought this action on behalf of, the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-training Trust

-1-

~3386582.wpd

Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance and Laborers Contract Administration Trust Fund for Southern California (collectively "Trust Funds").

Plaintiff has settled with defendant Surety Company of the Pacific, a California corporation ("SURETY"). (Notice of Settlement, Docket No. 24.) The SURETY has been dismissed from this action. (Order re Dismissal, Docket No. 29.). Plaintiff brought a motion for judgment by default against the remaining defendants, supported by declarations, which was granted by this Court in an order entered on April 8, 2009. In accordance with the Court's order granting default judgment (Docket No. 31), and the Declaration of Peter A. Hutchinson filed with the Court on April 17, 2009:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT IS ENTERED** in favor of the plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, the administrator of, agent for collection for, fiduciary to, and on behalf of, the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance and Laborers Contract Administration Trust Fund for Southern California, and against defendants Ells Tech Underground Inc., a California corporation ("ELLS TECH"); Erik Scott Williams, an individual ("ERIK WILLIAMS"); and Lisa Nicole Graham-Williams, an individual also known as Lisa Williams and Lisa Nicole Williams ("LISA WILLIAMS"), as follows:

///
///
///

~3386582.wpd

1. Monetary damages are awarded **JOINTLY AND SEVERALLY AGAINST ELLS TECH AND LISA WILLIAMS IN THE TOTAL AMOUNT OF $21,573.37**, consisting of:

| | |
|---|---|
| Unpaid Fringe Benefit Contributions: | $10,266.56 |
| Liquidated Damages: | $ 6,670.90 |
| Audit Fees: | $    200.00 |
| Bank Fee for Bad Check: | $      35.00 |
| Interest: | $ 2,043.56 |
| Attorneys' Fees: | $ 1,870.35 |
| Costs: | $    487.00 |

2. Monetary damages are awarded **JOINTLY AND SEVERALLY AGAINST ELLS TECH AND ERIK WILLIAMS IN THE TOTAL AMOUNT OF $9,911.45**, consisting of:

| | |
|---|---|
| Principal Due on Promissory Note: | $7,430.98 |
| Interest: | $   682.11 |
| Attorneys' Fees: | $1,285.86 |
| Costs: | $   512.50 |

The $7,430.98 in Principal Due on Promissory Note awarded in and by this paragraph "2" is encompassed by, and a part of, the Unpaid Fringe Benefit Contributions and Liquidated Damages awarded jointly and severally against ELLS TECH and LISA WILLIAMS in paragraph "1" of this Judgment. In addition, of the $512.50 in costs awarded in and by this paragraph "2", $350 is for the fee incurred by Plaintiff in filing the complaint in this action, which is also included in the Costs set forth in paragraph "1" of this Judgment.

~3386582.wpd

3.  For the purposes of determining if any additional fringe benefit contributions (and resulting liquidated damages and interest) are due to the Trust Funds by ELLS TECH, LISA WILLIAMS and/or ERIK WILLIAMS, and determining if any of ELLS TECH's employees are entitled to additional credits toward fringe benefits, ELLS TECH, through its managing officer, managing employees (including defendants LISA WILLIAMS and ERIK WILLIAMS), agents, assigns and/or any other persons acting in concert with any one or more of them, shall submit to an audit by Plaintiff for the period May 1, 2007 to the date of the audit, including the production of following documents:

A.  All of ELLS TECH's payroll and employee documents, as well as any other documents that may be relevant to a determination of the work performed by ELLS TECH, its employees, its subcontractors and its subcontractors' employees, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax documents), as well as labor distribution journals and any other documents that may be relevant to an identification of the employees who performed work for ELLS TECH or its subcontractors, or which are relevant to a determination of the projects on which ELLS TECH, its employees, its subcontractors or its subcontractors' employees performed work, including any documents that provide the names, addresses, social security numbers, job classification or the number of hours worked by any one or more of ELLS TECH's employees, subcontractors or subcontractors' employees;

B.  All of ELLS TECH's job files for each contract, project or job on which ELLS TECH, its employees, its subcontractors or its subcontractors'

~3386582.wpd

employees worked, including but not limited to all documents, agreements and contracts between ELLS TECH and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries or notes, employees' diaries, memoranda, releases and any other documents that relate to the supervision of ELLS TECH's employees, its subcontractors or its subcontractors' employees, or the projects on which ELLS TECH, its employees, its subcontractors or its subcontractors' employees performed work;

C.   All of ELLS TECH's documents related to cash receipts, including but not limited to ELLS TECH's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects or jobs on which ELLS TECH, its employees, its subcontractors or its subcontractors' employees worked;

D.   All of ELLS TECH's bank statements, including but not limited to those for all checking, savings and investment accounts;

E.   All of ELLS TECH's documents related to cash disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other documents which indicate cash disbursements;

G.   All collective bargaining agreements between ELLS TECH and any trade union, and all records of contributions by ELLS TECH to any trade union trust fund other than the TRUST FUNDS; and

///
///

~3386582.wpd

H.  All documents related to the formation, licensing, renewal or operation of ELLS TECH.

The Court shall retain jurisdiction over this action for any necessary enforcement of the audit ordered hereby.  This Judgment shall not operate as a bar, <u>res judicata</u>, or other limitation of any right of PLAINTIFF, the Trust Funds or any constituent trust fund of the Trust Funds to determine and collect any additional amounts determined by the audit ordered hereby (or by other means) to be owed by ELLS TECH, LISA WILLIAMS and/or ERIK WILLIAMS to the Trust Funds, or any constituent trust fund of the Trust Funds.  If additional amounts are determined to be due, Plaintiff may file an application to the Court to reopen the case for entry of a supplement to the Judgment, which shall be considered, *nunc pro tunc,* part of the Judgment entered hereby.  The injunctive relief ordered by this Judgment shall not serve to restrict the enforceability of the portion of this Judgment awarding monetary damages.

DATED: April 24, 2009

_____
Hon. R. Gary Klausner
United States District Court Judge

Submitted by:
REICH, ADELL & CVITAN
A Professional Law Corporation

By_____
    PETER A. HUTCHINSON
    Attorneys for Plaintiff

-6-

~3386582.wpd